UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>JOYCE EDWARDS,<br>　　　　　　　　　　Defendant. | No. CR05-0003P<br><br>ORDER ON DEFENDANT'S MOTION TO AMEND JUDGMENT TO ALLOW CREDIT FOR TIME SERVED |

　　　　This matter comes before the Court on Defendant Joyce Edwards' Motion to Amend Judgment to Allow Credit for Time Served. (Dkt. No. 21). Having reviewed Defendant's Motion and Memorandum in Support, as well as the Government's Response, the Court DENIES Defendant's Motion to Amend Judgment to Allow Credit for Time Served.

　　　　Under Fed. R. Crim. P 35(a), the Court may only correct or reduce a sentence, "[w]ithin 7 days after sentencing" upon a finding of technical error. Defendant Edwards was sentenced by this Court on May 6, 2005–over a year prior to the motion now brought by Defense counsel. Under the Federal Criminal Rules, the Court no longer has the power to reduce Ms. Edwards' sentence.

　　　　Second, the Government rightly observes that this Court does not possess the power to overturn a Bureau of Prisons ("BOP") computation of credit against a sentence without a showing that Defendant has exhausted her administrative remedies within the BOP first. Rogers v. United States, 180 F. 3d 349, 358 (1st Cir. 1999). Even if Defendant had shown that she had pursued and

ORDER - 1

exhausted the BOP administrative remedies available to her (which she has not done), this Court would not be the correct forum in which for Plaintiff to pursue her claim via the 28 U.S.C. §2241 habeas corpus mechanism. Under that statute, "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to §2241 in the custodial court," which is the court of the judicial district in which Ms. Edwards is imprisoned. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

Finally, the Government is correct that Ms. Edwards' sentence is the product of a plea bargain between herself and the Government under Fed. R. Crim. P. 11(c)(1)(C). During the negotiations regarding Ms. Edwards' plea, she had the power to bargain with the Government to include resolution of her pending state offenses in the agreed-upon sentence. She also had the power to reject the Government's offer and go to trial. However, Ms. Edwards failed to exercise either of these options and cannot now renege on the bargain she made with the Government.

Accordingly, the Court must DENY Ms. Edwards' Motion to Amend the Judgment in her case. The Clerk is directed to send copies of this order to all counsel of record.

Dated: May 30, 2006

Marsha J. Pechman
United States District Judge

ORDER - 2